# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-30437

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

Shane Jeansonne,

*Plaintiff—Appellant*,

*versus*

Stephen Dwight,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CV-561

———————————————————————

Before Ho, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In 2017, Shane Jeansonne was convicted of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Following his release, he filed a 42 U.S.C. § 1983 action against Lake Charles District Attorney Stephen Dwight seeking to have various state laws affecting sex offenders declared unconstitutional and enjoin their enforcement. The district court dismissed his claims without prejudice as barred by *Heck v.*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Humphrey*, 512 U.S. 477 (1994).  But Jeansonne is not challenging the validity of his sentence or conviction, so his action is not *Heck*-barred.  Accordingly, we vacate the district court's judgment and remand for further proceedings.

As with other States, Louisiana has various laws and regulations protecting the public from sex offenders like Jeansonne.  Some of these laws are adopted pursuant to federal legislation.  Specifically, the Sex Offender Registration and Notification Act (SORNA) requires States to "maintain a jurisdiction-wide sex offender registry" and to provide criminal penalties for failing to register.  34 U.S.C. § 20912.  Jeansonne's conviction demanded he "comply with the requirements of [SORNA] as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency."  Other laws regulating the conduct of sex offenders come from the state alone.  *See*, *e.g.*, La. Rev. Stat. § 14:91.2 (prohibiting sex offenders from living near schools).

Jeansonne's briefing and complaint are confusing, but at the very least, he is seeking to enjoin the subset of the Louisiana sex offender laws not related to SORNA.  Specifically, he challenges "all areas of the Louisiana Revised Statutes that could conceivably be construed as a regulation towards a sex offender" so long as they are "substantially different from SORNA" or "not explicitly provided for under SORNA."  But he may also be challenging the laws enacted pursuant to SORNA, alleging that they are an impermissible delegation of federal authority.

Even though Jeansonne challenged more than just registration laws, the district court evaluated his claim exclusively as a challenge to SORNA's registration requirement.  In the subsequently adopted report and recommendation, the magistrate judge found that, because Jeansonne's conviction required compliance with state registration requirements pursuant to SORNA, a challenge to those requirements amounted to

Jeansonne "challenging one of the terms of his conviction." And such challenges, the district court reasoned, are barred under *Heck*.

The district court erred by failing to address Jeansonne's challenge to state laws wholly unrelated to SORNA. A judgment in favor of Jeansonne on these claims would not "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. That's because he challenges neither the statute he was convicted under nor the terms of his conviction. His claims concerning laws unrelated to SORNA "even if successful will *not* demonstrate the invalidity of any outstanding criminal judgment." *Id*. Thus, the district court erred in dismissing these claims as barred by *Heck*.

We do not remand this case based on any expectation that Jeansonne might ultimately prevail in his challenge to Louisiana law. But if the district court is to dismiss this action, it must be for reasons other than *Heck*. So on remand, the district court should consider the merits of Jeansonne's claims concerning state laws passed independently from SORNA. Accordingly, we vacate the district court's judgment and remand for further proceedings.